USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM BLAU,

                      Plaintiff,

          -v-

SHLOMO FISHER, ET AL.,

                    Defendants.

---

**OPINION AND
ORDER**

25-CV-1562 (JPC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Pending before the Court is a motion by Defendants Sol Fischer ("Mr.

Fischer")[1] and JDA Holdings LLC ("JDA Holdings" and, together with Mr. Fischer,

the "Represented Defendants"), to set aside the Clerk's Certificate of Default

entered against them under Federal Rule of Civil Procedure 55(c).  ECF No. 39.  For

the reasons set forth below, the Represented Defendants' motion is **GRANTED**.[2]

## I.    BACKGROUND

Plaintiff initiated this action by filing the Complaint on March 3, 2025.[3]  ECF

No. 2.  Summonses were issued on April 1, 2025.  ECF No. 11.  Plaintiff claimed to

serve the Represented Defendants on April 9, 2025, and filed proof of service on

---

[1] Mr. Fischer is improperly named in the Complaint as "Shlomo Fisher."  *See* ECF No. 28 at 1.

[2] A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a non-dispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A).  *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).  Thus, the Court is deciding the instant motion by an Opinion and Order, rather than by Report and Recommendation.

[3] Plaintiff's first attempt to file the Complaint was rejected by the Clerk's Office due to filing deficiencies.  *See* ECF No. 1.

May 29, 2025.  ECF No. 13.  The Court automatically set their deadline to answer on April 28, 2025.  *Id.*  By Order dated May 30, 2025, Judge Cronan *sua sponte* extended this deadline until June 6, 2025, and instructed Plaintiff to initiate any default proceedings by June 12, 2025.  ECF No. 14.

On June 13, 2025, the Represented Defendants filed a motion to dismiss the Complaint.  ECF No. 22.  Judge Cronan denied this motion without prejudice because it was untimely and filed by an attorney who had not entered an appearance.  ECF No. 23.  The Court entered a Clerk's Certificate of Default as to the Represented Defendants on June 16, 2025.[4]  ECF Nos. 24–26.

Counsel for the Represented Defendants appeared on June 23, 2025, ECF No. 27, and filed a pre-motion letter for a motion to vacate the Clerk's Certificate of Default.  ECF No. 28.  After Plaintiff twice missed his response deadline, Judge Cronan set a briefing schedule for the instant motion.  ECF No. 35.

The Represented Defendants filed their motion to vacate the Clerk's Certificate of Default on July 8, 2025, with supporting documents.  ECF No. 39. Plaintiff filed his opposition on July 22, 2025.  ECF No. 41 ("Opp.").  The Represented Defendants filed their reply on July 29, 2025.  ECF No. 44.

## II.    LEGAL STANDARDS

Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk

---

[4] Plaintiff had already twice filed proposed Clerk's Certificates of Default on June 12 and 13, 2025, which were each rejected by the Clerk's Office due to filing deficiencies. *See* ECF Nos. 19–21.

must enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of Court, but no final default judgment has yet been entered, the Court decides a motion to set aside the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).[5] *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default;" (2) "the existence of a meritorious defense;" and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered,

---

[5] Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Rule 60(b) applies only to relief from final judgments." *Doe v. Baram*, No. 20-CV-9522, 2023 WL 4624555, at *7 (S.D.N.Y. July 19, 2023). A final judgment exists only "when there is nothing left for the court to adjudicate." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-52, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Globe Indem. Co. v. J.T. Falk & Co., Inc.*, No. 91-CV-271, 1992 WL 116630, at *3 (S.D.N.Y. May 15, 1992)). Here, the Clerk of Court entered a Certificate of Default as to the Represented Defendants, ECF No. 26, which was not a final default judgment under the Federal Rules of Civil Procedure. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) ("a default judgment cannot be entered until the amount of damages has been ascertained").

for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174. "[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)). Further, in this context, there is an "oft-stated preference for resolving disputes on the merits." *Enron*, 10 F.3d at 95 (citing *Traguth v. Zuck*, 710 F.2d 90, 93 (2d Cir. 1983)).

## III.    DISCUSSION

Applying the relevant factors, the Court, in its discretion, grants the Represented Defendants' motion to set aside the Clerk's Certificate of Default.

### A.    Willfulness of Default

The Court finds that the Represented Defendants' default was not willful. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996)). Conduct that is "merely

4

negligent or careless" does not suffice.  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor."  *Raheim v. New York City Health & Hosps. Corp.*, No. 96-CV-1045, 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

### 1.    Mr. Fischer's Default

Mr. Fischer argues that his default was due to "faulty services of process" on his counsel, Mr. Steinmetz, who was not authorized to accept service.  ECF No. 39-2 ("Steinmetz Decl.") ¶ 14.  Service of an individual through an attorney is ineffective unless the individual has expressly or implicitly authorized the attorney to accept service.  *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972).  While the mere existence of an attorney-client relationship or representation in other matters does not automatically confer such authority, courts have held that an attorney may be implicitly authorized to accept service if the attorney has represented the client in related proceedings.  *See In re Kalikow*, 602 F.3d 82, 92–93 (2d Cir. 2010); *Ray v. Choueka*, 683 F. Supp. 3d 427, 431–32 (S.D.N.Y. 2023).  Whether service was properly effected is relevant to willfulness only to the extent that it indicates bad faith or egregious, deliberate conduct.  *See Leab v. Streit*, 584 F. Supp. 748 (S.D.N.Y. 1984) (finding that, despite defective service, the defendants acted willfully because they knowingly ignored the attempted service).

Although the affidavit of service filed in this case states that Mr. Steinmetz accepted service on Mr. Fischer's behalf, *see* ECF No. 13, Mr. Steinmetz states that he refused service because he was not retained to represent Mr. Fischer in this

matter at the time.  Steinmetz Decl. ¶ 10.  Given his representation of Mr. Fischer in other proceedings, Mr. Steinmetz could have been implicitly authorized to accept service.  *Id*. ¶ 4.  The parties disagree as to whether Mr. Steinmetz was implicitly authorized to accept service at the time, creating a dispute as to whether service was properly effected that should be resolved on the merits.  Further, it is not clear whether Mr. Fischer was aware of this proceeding.  Any question as to Mr. Fischer's willfulness is thus resolved in his favor.

Mr. Steinmetz also argues that Mr. Fischer's default was not willful because it was due to his firm's mismanagement of the case.  *Id*. ¶ 14.  While Mr. Steinmetz's failure to adhere to this Court's deadlines may be careless or negligent, it does not amount to bad faith or egregious, deliberate conduct.  Therefore, the Court declines to find Mr. Fischer's default willful in this regard.

### 2. JDA Holdings' Default

JDA Holdings similarly argues that its default was due to defective service of process and case management issues by counsel once retained.  Steinmetz Decl. ¶ 14.  The Affidavit of Service states that JDA Holdings was served by mail through the New York Secretary of State.  Ex. G to Steinmetz Decl.  However, both Mr. Fischer and Mr. Steinmetz assert that JDA Holdings is not registered to do business in New York and does not otherwise conduct business in New York.  ECF No, 39-1 at ¶ 5; ECF No. 44-1 at ¶¶ 4–5; Steinmetz Decl. ¶ 12.  While Plaintiff disputes these assertions and offers as proof a print-out of New York Department of State Entity Information, this print-out shows that JDA Holdings' next statement is

past due, which arguably suggests that its registration may not be active. ECF No. 41-1. Thus, it is not clear whether service of JDA Holdings through the New York Secretary of State was effective. While this issue remains to be determined, any question as to the willfulness of JDA Holdings' default on this basis should be resolved in its favor at this stage.

As discussed above, to the extent that JDA Holdings defaulted because of Steinmetz LLC's case mismanagement, such conduct reflects carelessness or negligence as opposed to willfulness.

**B.      Establishment of a Meritorious Defense**

The Court finds that Mr. Fischer and JDA Holdings have met the threshold required to state a defense that warrants setting aside their default.

Courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor. *See, e.g.*, *Allen v. Norman*, No. 08-CV-6041, 2012 WL 3525584, at *6 (S.D.N.Y. July 23, 2012) ("[W]hether a meritorious defense is presented[] requires only that the defendant meet a low threshold"); *see also Am. All. Ins. Co., Ltd.*, 92 F.3d at 61 (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

As discussed above, both Mr. Fischer and JDA Holdings dispute whether service was effective. Mr. Fischer argues that Mr. Steinmetz was not authorized to accept service on his behalf. Steinmetz Decl. ¶ 14. And JDA Holdings argues that it is a New Jersey limited liability company, it is not and has never been a New York limited liability company, and thus any service through the New York

7

Secretary of State is ineffective.  ECF No, 39-1 at ¶ 5; ECF No. 44-1 at ¶¶ 4–5; Steinmetz Decl. ¶ 12.

Additionally, the Represented Defendants identify other defenses they would interpose, including lack of personal jurisdiction based on the assertion that Fischer and JDA are New Jersey residents lacking sufficient contacts with New York, *see* Steinmetz Decl. ¶¶ 10–12, improper venue, and collateral estoppel based on a decision entered by the Bankruptcy Court for the District of New Jersey, *see* ECF No. 39-1 ¶¶ 28–30.  Plaintiff disputes the validity of these defenses, but as his opposition makes clear, resolving these questions in his favor would require untangling various evidentiary issues (such as the authenticity of certain text messages and transcribed voice messages), determining the legal status of JDA Holdings, and deciding whether the Bankruptcy Court decision in question is entitled to any preclusive effect.  *See* Opp. at 3–4.  While Plaintiff might ultimately prevail on the merits, the submissions made by the Represented Defendants are sufficient to warrant vacatur under Rule 55(c)'s low threshold.

C.    **Prejudice Resulting from Setting Aside the Default**

Finally, Plaintiff has not established that he will suffer any prejudice by vacatur of the Certificates of Default.  To establish prejudice under the third factor, it must be shown that "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Henry v. Oluwole*, 108 F.4th 45, 52–53 (2d Cir. 2024).  "But delay standing alone does not establish prejudice."  *Enron*, 10 F.3d at 98.

8

Plaintiff argues that he "would be prejudiced by vacatur, as it would reward Defendants' dilatory tactics and further delay resolution of the case." Opp. at 4. Plaintiff has not argued that vacatur would result in the loss of evidence, increased difficulties of discovery, or any opportunity for fraud and collusion. Delay alone is not sufficient to establish prejudice. And Plaintiff is in no position to complain about delay after repeatedly missing Court deadlines, causing delay. *See* ECF No. 35 (granting Represented Defendants leave to file this motion after Plaintiff twice missed deadlines to respond to a pre-motion letter and ordering Plaintiff's counsel to show cause why sanctions should not be imposed for his failure to comply with the Court's orders).

The Court finds that Plaintiff has not made a showing of any prejudice that would result from vacatur.

\* \* \*

The Court finds that the Represented Defendants' default was not willful, that they have each met the low threshold to state a meritorious defense, and that Plaintiff has not demonstrated any prejudice that will result from vacatur. In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," *Enron*, 10 F.3d at 95–96, Represented Defendants should have the opportunity to defend this action on the merits.

## IV.   CONCLUSION

For the foregoing reasons, Represented Defendants' motion to set aside the Clerk's Certificate of Default, ECF No. 39, is **GRANTED**. The Clerk of Court is

respectfully directed to vacate the clerical defaults as to Defendants Sol (Shlomo) Fischer and JDA Holdings LLC.

Defendants Sol (Shlomo) Fischer and JDA Holdings LLC are directed to respond to the Complaint by **January 5, 2026**.  Additionally, the Represented Defendants are strongly encouraged to authorize counsel to accept service for them to avoid any disputes over service going forward.

**SO ORDERED.**

Dated: December 15, 2025
        New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge