UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM BLAU,

                        Plaintiff,

            -v-

SHLOMO FISHER, ET AL.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/13/2026

**ORDER**

25-CV-1562 (JPC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Parties' briefing for Defendants' motion to dismiss, ECF No. 46, identifies a dispute over the facts of service related to three defendants:  Shlomo Fisher, Yakov Anisfeld, and JDA Holdings LLC.

Plaintiff's affidavit of service states that the summons was successfully served on Defendant Shlomo Fisher through his attorney, David C. Steinmetz.  ECF No. 13 at 5.  However, Defendants filed an affidavit in which Mr. Steinmetz asserts that he told the process server that he was not retained to represent Mr. Fisher in this matter, and that he could not accept service on his behalf. ECF No. 39-2 at 3.

Plaintiff's affidavit of service for Defendant Yakov Anisfeld states on its face that the process server was unable to serve Mr. Anisfeld.  ECF No. 16 at 3.  Moreover, the District Judge apparently terminated Mr. Anisfeld as a defendant for failure to serve process in an order dated June 24, 2025.  ECF No. 29.

Finally, Plaintiff indicates in ECF No. 13 at 1 that the New York Secretary of State was served on behalf of JDA Holdings LLC.  However, Defendants filed an

1

affidavit in which Mr. Fisher indicates that JDA Holdings LLC is a New Jersey company, not a New York company. ECF No. 39-1 at 2. Indeed, the Court's own investigation identified a New Jersey LLC named JDA Holdings located in the city of Lakewood, New Jersey, which matches the address on the deed Plaintiff attached to his complaint. ECF No. 2-3 at 3.

"Before a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service ... must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks omitted). Additionally, "[w]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).

The undersigned will hold an evidentiary hearing to determine whether these defendants were properly served on **May 27, 2026 at 10:00 a.m.**, in Courtroom 21D at 500 Pearl Street, New York, New York 10007. If Plaintiff fails to meet his burden, the undersigned may recommend dismissal for lack of service.

**SO ORDERED.**

Dated: May 13, 2026
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

2